IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|    RONALD DWAYNE WHITFIELD | § | |
|    TDCJ-CID #623668 | § | MISC. NO. 2:06-mc-075 |
| | § | |
| | § | |

**MEMORANDUM OPINION AND
ORDER DENYING PERMISSION TO FILE SUIT**

Texas state prisoner Ronald Dwayne Whitfield ("Whitfield") has filed a pleading entitled "Emergency and Pros Se 28 U.S.C. § 2241(c)(3) Habeas Corpus Application, Combined With 28 U.S.C. §§ 1915(g), 1331, 1343 Complaint" in which he asks that he be released immediately because the warden and others "persecute and intimidate and manipulate and torture and oppress [him] mercilessly...". He states that he has been on a food strike since May 24, 2006, that his food is poisoned, that the heat is excessive and that he is denied cold water, air conditioning or a fan. He alleges that "these people are conspiring to murder [him]" and that he is being held illegally.

Whitfield's pleading is construed as a request for judicial permission to file suit, and as such, is DENIED.

**I. Whitfield's Litigation History**

Whitfield is an abusive litigant who has accumulated three strikes under 28 U.S.C. § 1915(g).[1] See In re Ronald Dwayne Whitfield, No. 00-00054 (5th Cir.) (Oct. 24, 2000

---

[1] 28 U.S.C. § 1915(g) provides:
   In no event shall a prisoner bring a civil action or appeal a judgment in a
   civil action or proceeding under [the section governing *in forma pauperis*]
   if the prisoner has, on 3 or more occasions, while incarcerated or detained

Order) (citing Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished); Whitfield v. TDCJ Officials, No. 93-7672 (5th Cir. Mar. 22, 1994); Whitfield v. Sergeant Mitchell, No 93-1566 (5th Cir. Aug. 18, 1993) (unpublished).  A recent review of Whitfield's litigation history shows that he has filed more than sixty civil actions in federal district court.

Whitfield's conduct has resulted in repeated and significant monetary sanctions.  See e.g., In re Whitfield, No. 97-00454 (5th Cir. Oct. 30 1997) ($100); Whitfield v. Johnson, No. 4:94-2767 (S.D. Tex.) (Mar. 5, 2001 Order Striking Pleadings and May 15, 2000 Order Striking Pleadings and Imposing Sanction) ($750); Whitfield v. Ott, No. 4:00-cv-2367 (S.D. Tex.) (July 17, 2000 Order) ($200); Whitfield v. Johnson, No. 4:97-3148 (S.D. Tex.) (April 23, 1999 Order on Motion) ($200); Whitfield v. Webb, No. 4:94cv4194 (S.D. Tex.) (Sept. 20, 1996 Order) ($25); Whitfield v. Collins, No. 4:94-cv-2630 (S.D. Tex.) (Jan 9, 1996 Order) ($50); Whitfield v. State of Texas, et al., No. 95-cv-091 (W.D. Tex.) (May 9, 1995 Order) ($120);  Whitfield v. State of Texas, et al., No. 1:95-cv-023 (N.D. Tex) (Feb. 13, 1995 Order )($250 total).  The docket sheets of each of these cases do not indicate that any of the foregoing sanctions have been paid.

Additionally, Whitfield is barred from filing pro se pleadings without first seeking judicial permission.  See e.g., In re Ronald Whitfield, No. 97-00454 (5th Cir.) (Oct. 7, 1997

---

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Order); Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex) (Feb. 13, 2003 Order); Whitfield v. Cockrell, 4:02-cv-4218 (S.D. Tex.)( Dec. 12, 2002 Memorandum and Order); Whitfield v. Johnson, No. 4:94-cv-2767 (S.D. Tex) (Mar. 5, 2001 Order Striking Pleadings); Whitfield v. Johnson, No. 4:97-cv-3148 (S.D. Tex) (Oct. 30, 1997 Order of Dismissal). Indeed, due to repeated abuses, Whitfield has been barred from filing petitions for certiorari or for extraordinary writs in noncriminal matters without paying the docketing fee. Whitfield v. Texas, 527 U.S. 885 (1999).

## II. Discussion

**A.    Nature of claims.**

Whitfield has styled his pleading as an application for habeas corpus relief.

Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. See Cook v. Texas Dep't of Crim. Justice, 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition is the proper vehicle to seek release from custody. See Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim is properly characterized as a § 1983 claim or one for habeas relief: if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (citation omitted).

In this case, a favorable determination of Whitfield's alleged claims would not result in a speedier release.[2]  His claims of conspiracy, food poisoning, an excessively hot cell, and mental abuse are maintained properly, if at all, in a section § 1983 proceeding, subject to screening under 28 U.S.C. § 1915A.  To the extent Whitfield complains of a "food strike" since May 24, 2006, such an act is clearly voluntary, does not involve a state actor, and fails to state a constitutional violation.

Whitfield makes one conclusory allegation, unsupported by any facts, that "these people are conspiring to murder me" (D.E. 1 at p. 2).  Whitfield states no facts which support a conclusion that he is in imminent danger of serious physical harm.  Although he complains that his cell is hot, he does not describe any ill effects as a result thereof.  Similarly, although he claims that his food is poisoned, he does not claim that he has lost any weight, been sick, or suffered physically.   His claims of mental anguish do not equate with serious physical harm.

There is no evidence that Whitfield is in imminent danger of physical injury.  There is no indication that he is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions.  Indeed, the Fifth Circuit has held that a district court may enforce the sanction order of another district court.  Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526

---

[2] Whitfield most likely labeled his pleading as such because the PLRA, and its three-strikes provision, does not apply to habeas corpus proceedings.  See Sonnier v. Johnson, 161 F.3d 941 943 (5th Cir. 1998).  However, in evaluating whether a sanctioned prisoner should be permitted to file suit, the imminent danger of serious harm standard may be useful.  Moreover, as discussed herein, his complaint is more properly characterized as a § 1983 complaint, to which the PLRA applies.

U.S. 1157 (1999). Moreover, Whitfield's pleadings are disrespectful, referring to the court as "Mama and Daddy". Whifield's motion for permission to file suit (D.E. 1) is DENIED, and this action is dismissed without prejudice.

    ORDERED this __27th__ day of September, 2006.

                                                  _____
                                                      HAYDEN HEAD
                                                      CHIEF JUDGE